IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

CLAYTON MAYER and
FLORENCE MAYER,

    Plaintiffs,

v.

JOSEPH BUFOGLE and
DR. RENAE MAYER BUFOGLE,

    Defendants.

Case No. 21-CV-00170-GKF-SH

## OPINION AND ORDER

This matter comes before the court on the Objection to Magistrate's Ruling Regarding Plaintiffs' Motion to Compel Discovery Responses and Motion for Protective Order [Doc. 36] of defendants Joseph Bufogle and Dr. Renae Mayer Bufogle.[1]  For the reasons set forth below, the Objection is overruled and the Bufogles' request that this court reverse portions of Magistrate Judge Susan Huntsman's October 26, 2021 Order is denied.

**Background/Procedural History**

This is a breach of contract case related to a 2016 loan of $350,000 by the Mayers.  On April 13, 2021, the Mayers initiated this litigation against defendant Dr. Renae Mayer Bufogle, plaintiffs' daughter, and Joseph Bufogle, plaintiffs' son-in-law.  [Doc. 2].  The Complaint includes the following claims:  (1) breach of contract; (2) fraud; and (3) civil conspiracy.  [*Id.*].

On September 23, 2021, the Bufogles filed a motion for partial summary judgment.  [Doc. 14].  Subsequently, on October 14, 2021, the Mayers filed a motion to compel discovery responses

---

[1] Pursuant to the Local Civil Rules for the Northern District of Oklahoma, "[i]t is not acceptable to file any combination of motion, response, reply or supplemental brief."  LCvR 7-1(b).  Thus, the Bufogles' combined Objection and Motion for Protective Order is improper.

from the Bufogles. [Doc. 16]. U.S. Magistrate Judge Susan Huntsman granted in part and denied in part the motion to compel on October 26, 2021 ("Discovery Order"). [Doc. 26]; *see also* [Doc. 41]. The Discovery Order included the following specific rulings:

- Plaintiffs' Requests for Production Nos. 1, 2, 4, 8, and 10 to defendants Joseph and Renae Bufogle – granted;

- Plaintiffs' Request for Production No. 9 to defendants Joseph and Renae Bufogle – granted in part and directing defendants to produce responsive documents through December 2017;

- Plaintiffs' Request for Production No. 11 to defendant Joseph Bufogle – granted in part and directing Joseph Bufogle to produce responsive documents for the years 2016 to 2019, inclusive;

- Plaintiffs' Request for Production No. 13 to defendant Joseph Bufogle – granted in part and directing Joseph Bufogle to produce responsive documents for the years 2015 to 2019, inclusive;

- Plaintiffs' Request for Production Nos. 11, 12, and 13 to defendant Renae Bufogle – granted in part and directing Renae Bufogle to produce responsive documents for the years 2015 to 2019, inclusive;

- Plaintiffs' Interrogatory Nos. 1, 7, 8, 10, 16, and 21 to defendant Joseph Bufogle – granted;

- Plaintiffs' Interrogatory No. 1, 7, 8, 10, and 16 to defendant Renae Bufogle – granted; and

- Plaintiffs' Request for Admission No. 11 to defendant Joseph Bufogle – granted.

[Doc. 26].

On November 12, 2021, the Bufogles filed the Objection to Magistrate's Ruling Regarding Plaintiffs' Motion to Compel Discovery Responses from Defendants and Motion for Protective Order [Doc. 36]. Therein, the Bufogles objected to each of Magistrate Judge Huntsman's rulings compelling discovery responses.

On November 19, 2021, the court granted the Mayers' motion pursuant to Federal Rule of Civil Procedure 56(d), and extended the Mayers' deadline to respond to the Bufogles' motion for partial summary judgment to April 4, 2022. The Bufogles' reply deadline was April 18, 2022. [Doc. 40]. The deadlines were subsequently extended to July 6, 2022 and July 20, 2022, respectively. [Doc. 58].

On December 3, 2021, the Mayers filed a response in opposition to the Bufogles' Objection to the Magistrate Judge's Ruling. [Doc. 42]. The Bufogles filed a reply. [Doc. 49]. In the reply, the Bufogles withdrew their objections to the following discovery rulings by Magistrate Judge Huntsman:

- Request for Production No. 1 to Joseph Bufogle and Request for Production Nos. 1 and 2 to Renae Bufogle;
- Request for Production No. 4 to Joseph and Renae Bufogle;
- Request for Production No. 8 to Joseph and Renae Bufogle;
- Request for Production No. 10 to Josepha and Renae Bufogle;
- Interrogatory No. 1 to Joseph and Renae Bufogle;
- Interrogatory No. 7 to Joseph and Renae Bufogle;
- Interrogatory No. 8 to Joseph and Renae Bufogle;
- Interrogatory No. 10 to Joseph and Renae Bufogle;
- Interrogatory No. 16 to Joseph and Renae Bufogle;
- Interrogatory No. 21 to Joseph Bufogle; and
- Request for Admission No. 11 to Jospeh Bufgole.

[Doc. 49, pp. 2-3]. Thus, only the following remain in dispute:

- Request for Production No. 9 to Joseph and Renae Bufogle as modified by the Discovery Order;

- Request for Productions Nos. 11 and 13 to Joseph Bufogle as modified by the Discovery Order; and

- Request for Production Nos. 11, 12, and 13 to Renae Bufogle as modified by the Discovery Order.

[*Id.*].[2] The Objection is therefore ripe for the court's determination.

## Standard

Subject to certain exceptions, "[a] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court[.]" 28 U.S.C. § 636(b)(1)(A). A party may seek review by the district judge of a magistrate's judge order by filing an objection within fourteen (14) days of being served with a copy of the decision. Fed. R. Civ. P. 72(a). "Rulings by Magistrate Judges that fall within this general grant of authority are reviewed under a 'clearly erroneous or contrary to law' standard." *Jama v. City & Cnty. of Denver*, 304 F.R.D. 289, 294 (D. Colo. 2014); *see also* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). "The clearly erroneous standard applies to factual findings . . . and requires that the district court affirm unless it is left with the 'definite and firm conviction that a mistake has been committed.'" *Williams v. Sprint/United Mgmt. Co.*, 238 F.R.D. 633, 637-38 (D. Kan. 2006) (internal citation omitted), *subsequent determination,* 464 F. Supp. 2d 1100, *reconsideration denied*, 2007 WL 315826 (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th

---

[2] The Bufogles do not explicitly withdraw their objection to Request for Production No. 2 to Joseph Bufogle. However, Request for Production No. 2 is not included in the Bufogles' discussion of "Objections Maintained," nor do the Bufogles ask the court to overturn Magistrate Huntsman's ruling with respect to the request in the reply's conclusion. [Doc. 49, pp. 4-10]. Further, the Bufogles *did* expressly withdraw their objection to Request for Production No. 2 directed to Renae Bufogle, which is identical to Request for Production No. 2 to Joseph Bufogle. *See* [Doc. 16-4, p. 4; Doc. 16-5, p. 4 (both requesting "all drafts of all promissory notes at issue in this litigation")]. Thus, the court construes the objection as being withdrawn. *See* [Doc. 69, pp. 2 n.1, 9].

Cir. 1988)). "By contrast, the 'contrary to law' standard permits 'plenary review as to matters of law.'" *Id.* (quoting Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3069, at 355 (2d ed. 1997)).

**Analysis**

The Bufogles assert that the magistrate judge erred in granting the disputed Requests for Document Production on four general bases: (1) the information sought in each request is irrelevant; (2) the discovery requests constitute "fishing expeditions"; (3) the requests are not in proportion to the needs of the case; and (4) the Bufogles anticipate the court will grant their motion for partial summary judgment on the fraud and civil conspiracy claims based on the statute of limitations and therefore discovery should not be permitted as to those claims.

As an initial matter, the Bufogles did not raise a proportionality objection to the Mayers' discovery requests in their response to the motion to compel, nor was proportionality raised during the hearing on the motion held on October 26, 2021. *See generally* [Doc. 22; Doc. 41]. "[T]heories raised for the first time in objections to the magistrate judge's [order] are deemed waived." *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001); *see also Amaya v. Bregman*, No. 14-CV-0599-WJ-SMV, 2016 WL 10516169, at *2 (D.N.M. Mar. 7, 2016). The Bufogles' proportionality objection is therefore waived.

Insofar as the Bufogles contend that discovery is unwarranted based on the anticipated grant of summary judgment as to the fraud and civil conspiracy claims, the court has not ruled on that motion. Rather, the court granted the Mayers' Rule 56(d) motion. [Doc. 40]. Thus, the partial motion for summary judgment will not be ripe until July 22, 2022. [Doc. 58]. At this time, the fraud and civil conspiracy claims are active claims in this litigation relative to which the Mayers are entitled to discovery. Resolution of merits-based arguments is inappropriate at this time.

For the foregoing reasons, the court considers only the Bufogles' relevancy and "fishing expedition" objections with respect to each of the requests for document production still in dispute.

A.      *Request for Production No. 9 to Joseph and Renae Bufogle*

Request for Production No. 9, both as directed to Joseph Bufogle and Renae Bufogle, sought production of "all documents and things showing how the proceeds from the loan were used." [Doc. 16-4, p. 4; Doc. 16-5, p. 4]. Magistrate Judge Huntsman compelled production in part, to require production of responsive documents through December 2017. [Doc. 26, p. 1].

The Bufogles assert that the requested documents are irrelevant because they made no specific promise as to how the funds would be used and therefore "any use of the funds falls under the generalities described in Joseph's email." [Doc. 49, p. 8].

In discovery disputes, the court's task is not to resolve questions of fact or determine liability. Rather, the court considers whether the party seeking the discovery has demonstrated the matter's relevance to the party's claim or defense. *See* Fed. R. Civ. P. 26(b)(1). Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." Fed. R. Evid. 401; *see also Polk v. Swift,* 339 F.R.D. 189, 194 (D. Wyo. 2021). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

As previously stated, the Mayers assert a fraud claim. The elements of actual fraud under Oklahoma law are: "1) a false material misrepresentation, 2) made as a positive assertion which is either known to be false or is made recklessly without knowledge of the truth, 3) with the intention that it be acted upon, and 4) which is relied on by the other party to his (or her) own detriment." *Bowman v. Presley,* 212 P.3d 1210, 1218 (Okla. 2009); *see also* OUJI 18.1. The Mayers premise their fraud claim, in part, on allegations that Mr. Bufogle represented the borrowed funds would

be used for his legal practice but the funds were not, in fact, used for that purpose. [Doc. 2, pp. 2-4, ¶¶ 5, 13, and 17]. Documents showing how the Bufogles used the proceeds from the loan are relevant to whether the Bufogles made a false material misrepresentation as to their intentions with respect to the borrowed funds. Further, the court concurs with Magistrate Judge Huntsman that the Bufogles' actions following the loan could be indicative of their intent before the loan. *See* [Doc. 41, p. 19:4 to 20:23].[3] That is, whether the Bufogles knowingly made false statements as to their intentions for the funds. The requested documents are therefore within the scope of permissible discovery. *See* Fed. R. Civ. P. 26(b).

Insofar as the Bufogles argue the request is unduly burdensome, Magistrate Judge Huntsman sufficiently addressed this issue by limiting production to responsive documents through December of 2017, with the explicit understanding that Mr. Bufogle would, in all likelihood, only produce documents for the 60-day period following the loan, as all the proceeds were expended within that period. [Doc. 41, pp. 21:18 to 26:8]. Further, the Bufogles's conclusory assertions that the requested discovery would require an unreasonable amount time and effort are insufficient to demonstrate the burdensomeness of the discovery request, particularly given the potential benefits of obtaining the discovery to the Mayers. *See In re Urethane Antitrust Litig.*, 237 F.R.D. 454, 462 (D. Kan. 2006). The Magistrate Judge did not err in her application of Rule 26 to Request for Production No. 9.

---

[3] Although the Magistrate Judge's discussion related to Request for Production No. 8, the Bufogles have asserted the same objections to Request for Production No. 9 as previously asserted with respect to Request for Production No. 8. *See* [Doc. 36, p. 18; Doc. 41, pp. 22:5 to 23:19].

B.     *Request for Production No. 11 to Joseph Bufogle*

This request sought production of "all documents showing profit and loss for your law practice since Exhibit 1 [promissory note] was executed." [Doc. 16-4, p. 5]. Magistrate Judge Huntsman compelled production in part, to require responsive documents for the years 2016 to 2019. [Doc. 26, p. 1].

The Bufogles first assert that the financials of Joseph Bufogle's law practice for the years following execution of the promissory note are irrelevant because they cannot demonstrate Bufogles' intent at the time the loan was made.[4] However, Magistrate Judge Huntsman required production of documents for approximately eleven months *preceding* execution of the promissory note. As previously stated, the Mayers allege that Joseph Bufogle represented that the borrowed funds were necessary to keep his legal practice afloat. The financials of Mr. Bufogle's law practice prior to execution of the promissory note are directly relevant to the truth or falsity of this statement and, therefore, the fraud claim.

Likewise, documents showing the law practice's profit and loss for the three-year period are also relevant. In addition to assertions that the funds were not used for their intended purpose, the Mayers' fraud claim is premised on allegations that the Bufogles never intended to repay the loan, despite representations that they would do so. *See, e.g.,* [Doc. 2, p. 4, ¶ 17]. If the law practice's profit and loss statements demonstrate that Mr. Bufogle's law practice was, in fact, quite lucrative following the loan, yet the loan was not repaid, it would tend to establish the Bufogles' intention to never settle the debt. Thus, the law firm's profit and loss statements for the period

---

[4] Mr. Bufugole also directs the court to "the law firm's history of success before the circumstances causing financial difficulties," and attaches information from the law firm's website as an exhibit to the reply brief. [Doc. 49, p. 5; Doc. 49-1]. This court generally does not consider evidentiary materials attached for the first time to a reply brief. Further, Mr. Bufogle's argument goes to the merits of the fraud claim, not the relevancy of the requested documents.

- 8 -

following execution of the promissory note to 2019 are relevant to the fraud claim and within the scope of permissible discovery.

The Bufogles also seeks a protective order against production of the documents. As previously stated, Mr. Bufogle's attempt to file a motion for protective order as part of his Objection to the Magistrate Judge's ruling is procedurally improper. Thus, the court interprets the arguments raised in connection with the motion for protective order as further objections to the Discovery Order.

The Bufogles assert that production of sensitive documents, such as tax returns and financial statements, require the party seeking to compel production to demonstrate both: (1) the information's relevancy, and (2) a "compelling need" exists for the information because it is not readily obtainable through alternative forms of discovery. [Doc. 36, p. 28]. The Bufogles did not raise this argument before the Magistrate Judge and therefore it is waived. *Garfinkle*, 261 F.3d at 1031. Further, the Bufogles cite no Tenth Circuit precedent adopting the "compelling need" standard, nor has the court identified any. And insofar as the Bufogles previously asserted privacy concerns regarding the documents, any such objections are moot as Magistrate Judge Huntsman entered a Protective Order in this case on December 10, 2021. [Doc. 46]. Accordingly, even if the argument was not waived, the Discovery Order directing production of the profit and loss statements for Mr. Bufogle's law practice is not contrary to law.[5]

C.   *Request for Production No. 13 to Joseph Bufogle and Renae Bufogle*

These requests sought production of Mr. Bufogle's and Ms. Bufogle's personal tax returns since 2015, respectively. [Doc. 16-4, p. 5; Doc. 16-5, p. 5]. Magistrate Judge Huntsman granted

---

[5] For the same reasons, the Bufogles are not entitled to a Protective Order preventing discovery of the information sought in the remaining disputed Requests for Production.

the motion to compel as to the request in part, and required production of responsive documents for the years 2015 to 2019, inclusive.

The Bufogles raise a conclusory relevancy objection to these requests for production and incorporate the same arguments as those raised with respect to Request for Production No. 9 and Request for Production No. 11 to Joseph Bufogle. *See* [Doc. 36, p. 19; Doc. 49, pp. 9-10]. For the same reasons discussed above with respect to those requests, no error exists in the Magistrate Judge's ruling. The Bufogles' personal tax returns are relevant to their intent at the time the loan was made and the truth of the representations that the loan was necessary. Thus, the requested documents are within the scope of permissible discovery.

D.   *Request for Production No. 11 and Request for Production No. 12 to Renae Bufogle*

The Bufogles assert the same objections to both of these requests and address them together. Request for Production No. 11 sought production of all documents "showing all indebtedness for Lifestyle Medicine, Inc." Request for Production No. 12 sought production of "profit and loss statements for Lifestyle Medicine, Inc. since 2015." [Doc. 16-5, p. 5]. Magistrate Judge Huntsman granted the requests in part, and required production of responsive documents for the years 2015 to 2019, inclusive. [Doc. 26, p. 2].

The Bufogles assert that the requests are irrelevant because "it was never represented that LifeStyle would provide the funds to repay the loan." [Doc. 36, p. 20; *see also* Doc. 49, pp. 7-8]. However, the promissory note designates LifeStyle Medicine, Inc. as "the Borrower." [Doc. 36-3]. Further, in his October 14, 2016 email soliciting funds from the Mayers, Mr. Bufogle attributed his financial stress, in part, to the "loss of Renae's job, the start up of her business (she has given up all of our retirement savings to do this, and it is beginning after a mear [*sic*] 990 days, to pay)[.]" [Doc. 36-1, p. 1]. Accordingly, LifeStyle Medicine's financial situation is relevant both as to (1)

the truth or falsity of the representation as to the necessity of the loan, and (2) the Bufogles' intent. The Magistrate Judge did not err in her application of Rule 26 to these requests.[6]

    E.    *Summary*

For the reasons discussed above, the court is firmly convinced that Magistrate Judge Huntsman properly applied the law and committed no error in the Discovery Order. Thus, the court overrules the Bufogles' Objection. Further, the court declines to grant the Bufogles' request and stay execution of the Order pending resolution of their Motion for Partial Summary Judgment. *See* [Doc. 36, p. 27]. The discovery deadline in this matter is June 8, 2022. [Doc. 64]. As previously stated, pursuant to the court's Order granting the Mayers' Rule 56(d) motion, the partial motion for summary judgment will not be ripe until July 20, 2022. [Doc. 40; Doc. 58]. Accordingly, if the stay was granted but the motion for partial summary judgment denied, the court would be forced to reopen discovery as to the fraud claim. This would disrupt the remaining Scheduling Order, as well as the court's calendar. Thus, the request to stay execution is denied.

## Conclusion

WHEREFORE, the Objection to Magistrate's Ruling Regarding Plaintiffs' Motion to Compel Discovery Responses [Doc. 36] of defendants Joseph Bufogle and Dr. Renae Mayer Bufogle is overruled, and the Bufogles' request that this court overturn, in part, the Magistrate Judge's ruling on the Mayers' Motion to Compel Discovery Responses is denied.

---

[6] In the reply brief, the Bufogles include a lengthy discussion of LifeStyle's corporate status. However, these arguments appear to be directed to Request for Production No. 10 to Renae Bufogle, which sought "the Operating Agreement and/or Corporate Bylaws for Lifestyle Medicine, Inc. and/or any other document filed with the Oklahoma Secretary of State." [Doc. 16-5, p. 4]. The Bufogles have withdrawn their Objection to that request. [Doc. 49, p. 3]. Regardless, for the reasons discussed above, the Bufogles' argument in this regard do not persuade the court that the documents sought in Request for Production No. 11 and Request for Production No. 12 to Renae Bufogle are irrelevant to the Mayers' fraud claim.

IT IS FURTHER ORDERED that the Motion for Protective Order, filed as part of the Objection to Magistrate's Ruling Regarding Plaintiffs' Motion to Compel Discovery Responses [Doc. 36], is denied.

IT IS FURTHER ORDERED that the Bufogles' request for a stay of execution of the Order is denied.

IT IS SO ORDERED this 9th day of May, 2022.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE